IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JON WAYNE WALDREP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:24-CV-843-WKW |
| | ) | [WO] |
| CIRCUIT COURT TALLAPOOSA CO. AL, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This action is before the court on Plaintiff Jon Wayne Waldrep's failure to file a properly amended complaint in compliance with the court's directives. Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. He challenges the legality of his detention at the Tallapoosa County Jail and is seeking monetary relief. (*See* Doc. # 1.) Upon review of the complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Magistrate Judge entered an Order dated January 22, 2025, directing Plaintiff to correct the complaint's numerous deficiencies ("January 22 Order"). (Doc. # 6.) These deficiencies include Plaintiff's assertions of "vague and imprecise factual allegations" against Sheriff Abbott,[1] making it "difficult to discern the claims being presented, why each factual allegation is legally significant, and how

---

[1] Plaintiff originally named Sheriff Jimmy Abbott as Defendant in this action. (*See* Doc. # 1.) However, Plaintiff's amended complaint (Doc. # 8) named only "Circuit Court Tallapoosa Co. Dadeville, Alabama" as Defendant.

the alleged facts represent violations of Plaintiff's constitutional rights." (*Id.* at 3.) Consequently, the court ordered Plaintiff to file an amended complaint no later than February 5, 2025 (*Id.* at 4), providing specific instructions to address the complaint's shortcomings and offering guidance for correction. (*Id.* at 3–4.) The Order warned that a failure to comply ultimately could result in dismissal. (Doc. # 6 at 4.)

On February 7, 2025, Plaintiff filed his amended complaint. (Doc. # 8.) However, Plaintiff's only real "amendment" to his complaint appears to be the named Defendant. (*Compare* Doc. # 1 at 2 (naming Sheriff Abbott as Defendant) *with* Doc. # 8 at 2 (naming Circuit Court Tallapoosa Co. AL as Defendant).) This change in the party being sued does not comply with the Magistrate Judge's directives to file an amended complaint that "[n]ames the individuals personally responsible for the alleged violations of his constitutional rights," "[d]escribes what each defendant did that violated his rights," and "[d]escribes how the acts or omissions of each defendant harmed him." (Doc. # 6 at 3.) Additionally, a plaintiff cannot bring a damages action against a state court because a state entity is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68–71 (1989). Furthermore, in his amended complaint, Plaintiff alleges that the "statu[t]e of limitations r[a]n out – 2017" (Doc. # 8 at 3) and that he was "kidnapped . . . and put . . . in jail" (*Id.* at 5). These allegations continue to be vague, imprecise, and conclusory, making it difficult to discern the claims being presented, why each factual allegation is

2

significant, and how the alleged facts represent violations of Plaintiff's constitutional rights, as indicated in the January 22 Order.  (*See* Doc. # 6 at 3.)

Because the amended complaint fails to correct the pleading issues identified in the January 22 Order, this action will be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  *See Tanner v. Neal*, 232 F. App'x 924, 924 (11th Cir. 2007) (per curiam) (affirming the district court's *sua sponte* dismissal without prejudice of a *pro se* inmate's § 1983 action due to her failure to comply with the court's instructions for filing an amended complaint, despite having been warned of the consequences of noncompliance).  A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up).  The authority of courts to impose sanctions for failure to comply with court orders is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure.  *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted).

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306.  Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-*

3

*Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306.  "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306 (emphasis in original).

Additionally, "though courts liberally construe *pro se* litigants' filings, *pro se* litigants must still comply with the rules or find themselves in trouble." *In re Parrott*, 118 F.4th 1357, 1359 (11th Cir. 2024) (per curiam).  The court "is not required [to] rewrite a deficient pleading" for a *pro se* litigant. *Tanner*, 232 F. App'x at 925 (citation omitted).

Based on the foregoing, it is ORDERED that Plaintiff's action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 29th day of August, 2025.

                                                /s/ W. Keith Watkins
                                      UNITED STATES DISTRICT JUDGE